UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT CARLSON,
ALBERT MONTEIL, et al.,

    Plaintiffs,

v.

LEPRINO FOODS COMPANY,

    Defendant.

HON.

CASE NO. 1:05CV0798

Richard Alan Enslen
Senior U.S. District Judge

| | |
|---|---|
| Katherine Smith Kennedy (P54881) | E. Powell Miller (P39487) |
| Pinsky, Smith, Fayette & Kennedy | David H. Fink (P28235) |
| Co-Counsel for Plaintiffs | Ann L. Miller (P43578) |
| 1515 McKay Tower | Miller Shea, P.C. |
| 146 Monroe Center Street NW | Co-Counsel for Plaintiffs |
| Grand Rapids, MI 49503 | 950 W. University Drive, Suite 300 |
| (616) 451-8496 | Rochester, MI 48307 |
| | (248) 841-2200 |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiffs Vincent Carlson and Albert Monteil ("Plaintiffs"), individually and on behalf of all similarly situated persons, by and through their attorneys, Pinsky, Smith, Fayette & Kennedy and Milller Shea, P.C., complain against Defendant Leprino Foods Company, ("Leprino," "Defendant" or "Employer"), as follows:

    A.    **NATURE OF ACTION, JURISDICTION AND VENUE**

    1.    Plaintiffs bring this collective action pursuant to 29 U.S.C. § 216(b) on their own behalf and on behalf of all other similarly situated persons who are or have been employed either directly, indirectly, permanently or temporarily by Defendant in the United States ("the Collective Plaintiffs") at any time within the three years prior to the filing of this action through the date of the

final disposition of this action (the "Class Period").

2. Plaintiffs were or are employees of Defendant and bring this action to recover unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under § 16(b) of the Fair Labor Standards Act of 1938 ("the Act"), as amended 29 U.S.C. §216(b).

3. Jurisdiction of this action is based on §16(b) of the Act, 29 U.S.C. §216(b), and 28 U.S.C. §1337. Venue is proper within this judicial district under 28 U.S.C. §1391(b) and 28 U.S.C. §1392(a).

### B. PARTIES

4. Plaintiff Vince Carlson is a resident of Muskegon County, Michigan and the Western District of Michigan. He has consented to sue for violations of the Act, pursuant to 29 U.S.C. § 216(b).

5. Plaintiff Albert Montiel is a resident of Ottawa County, Michigan and the Western District of Michigan. He has consented to sue for violations of the Act, pursuant to 29 U.S.C. § 216(b).

6. Defendant Leprino is a corporation organized under the laws of the State of Colorado, doing business in the Western District of Michigan, and throughout several states and counties, and is an employer pursuant to the provisions of 29 U.S.C. §203(d).

7. At all relevant times, Defendant's employees work with materials, goods and equipment that have been moved in or produced by persons for commerce. Defendant has yearly gross receipts exceeding $500,000.

### C. FACTS

6. At all relevant times, Defendant was engaged in the business of manufacturing,

processing and distributing food products.

7. Defendant employed Plaintiffs in manufacturing, processing, production and maintenance in their plant(s). Plaintiffs were hourly employees and performed manual labor in Defendant's facility. Plaintiffs were paid based upon the amount of time reflected on time cards.

8. Plaintiffs were required to wear, among other things, a sanitary shirt, pants, boots, a hairnet, beardnet, ear plugs, and gloves in order to perform their duties.

9. Plaintiffs were required to enter the facility, walk to the uniform locker room, pick up their work clothing, walk to their personal locker room, change into their work clothing, and walk across the plant to their department, prior to the beginning of their shift. Plaintiffs were not paid for any of the time involved prior to the beginning of their shift in violation of the Act.

10. Plaintiffs were required to after the end of their shift to walk across the plant to their personal locker room, change out of their work garb, and place their work garb into a designated area. Plaintiffs were not paid for any of the time involved after the end of their shift in violation of the Act.

11. Therefore, Plaintiffs were not compensated for the hours worked in donning and doffing their work gear nor for their walking time in violation of the Act.

## COUNT I – WAGE AND HOUR VIOLATIONS

12. Plaintiffs incorporate paragraphs 1 - 11 as through set forth herein.

13. Defendant is engaged in interstate commerce as it does business in several states, its employees work with materials, goods and equipment that has been moved in or produced by persons for commerce. In performing the operations in working with the materials, goods and equipment from out of state, Plaintiffs were engaged in commerce within the meaning of §§3(b),

---

3(I), 6(a), and 7(a) of the Act, 29 U.S.C. §§203 (b),(i), (j) and §§206(a) and 207(a).

14.    During Plaintiffs' employment, Plaintiffs were not compensated for the hours worked in donning and doffing work gear nor for their walking, contrary to the provisions of §6 and §7(a) of the Act, 29 U.S.C. §206 and §207 (a).

15.    Defendant employed Plaintiffs in commerce without compensating them for hours worked, and for many work weeks longer than 40 hours, and have failed and refused to compensate Plaintiffs for such hours worked and for work in excess of 40 hours at one and one-half times the regular rates at which they were employed, contrary to the provisions of §6 and §7(a) of the Act, 29 U.S.C. §206 and §207 (a).

16.    As a result of Defendant's violations of the Act, Plaintiffs and the Collective Plaintiffs have been damaged.

17.    Defendant has failed to maintain accurate records of Plaintiffs' hours contrary to the provisions of §211(c) of the Act.

18.    Defendant's failure to pay Plaintiffs' wages and overtime compensation was willful within the meaning of §55(a) of the Act, 29 U.S.C. §255(a), and not in good faith within the meaning of §11 of the Portal to Portal Pay Act, 29 U.S.C. §260.

19.    Based on the foregoing, Defendant has violated §6 and §7 of the Act, 29 U.S.C. §206 and §207, entitling Plaintiffs to the compensation set forth in §16 (b) of the Act, 29 U.S.C. §216 (b).

20.    Because Defendant's violation of the Act was not in good faith within the meaning of §11 of the Portal to Portal Act, 29 U.S.C. §260, Plaintiffs are entitled to liquidated damages under §16(b) of the Act, 29 U.S.C. §216(b).

21. On information and belief, Plaintiffs believe that Defendant's policy and practice of violating the Act is not limited to its Plant(s) in Michigan, but that it engages in the same policy or practice in its various Plants throughout the United States.

22. Plaintiffs bring this claim for violations of the Act as a Collective Action pursuant to Section 16(b) of the Act, 29 U.S.C. § 216(b), on behalf of all Collective Plaintiffs who are subject to Defendant's unlawful practice and policy.

23. Plaintiffs and the Collective Plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice and policy of refusing to pay wages for time spent donning and doffing work clothes and walking to and from the locker room, in violation of the Act.

24. This claim may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the Act, 29 U.S.C. § 216(b), for all claims asserted by Plaintiffs under the Act, since Plaintiffs are similarly situated to the Collective Plaintiffs and their claims are essentially the same.

25. It is likely that other individuals will sign Consent Forms and join as Plaintiff on this claim in the future.

26. The names and addresses of the Collective Plaintiffs are available from Defendant. Notice will be provided to the Collective Plaintiffs via first class mail to their last address known to their employer.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs on their own behalf and on the behalf of the Collective Plaintiffs request the following relief:

A. Designation of this action as a Collective Action and prompt issuance of Notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Opt-In Class, apprizing them of the pendency of this action, and permitting them to assert timely claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the Collective Plaintiffs;

C. A declaratory judgment that the practices and policies complained of herein are unlawful under the Act;

D. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in the unlawful practice and policies set forth herein;

E. Judgment against Defendant in the amount due for wages, overtime compensation and liquidated damages;

F. Award to Plaintiffs for costs of the action incurred, including expert fees, as provided by the Act;

G. Award to Plaintiffs of reasonable attorneys' fees and costs as provided by the Act for the prosecution of this action;

H. Prejudgment and post-judgment interest as provided by law;

I. Such other legal or equitable relief this Court deem necessary, just and proper.

**PINSKY, SMITH, FAYETTE & KENNEDY**
Co-Counsel for Plaintiffs

/s/ Katherine Smith Kennedy
_____
Katherine Smith Kennedy (P54881)
146 Monroe Center St NW, Suite 1515
Grand Rapids, MI 49503
(616) 451-8496

**MILLER SHEA, P.C.**
E. Powell Miller (P39487)
David H. Fink (P28235)
Ann L. Miller (P43578)
Co-Counsel for Plaintiffs
950 W. University Drive, Suite 300
Rochester, MI 48307
(248) 841-2200

Dated: November 29, 2005

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury.

**PINSKY, SMITH, FAYETTE & KENNEDY**
Co-Counsel for Plaintiffs

/s/ Katherine Smith Kennedy
_____
Katherine Smith Kennedy (P54881)
146 Monroe Center St NW, Suite 1515
Grand Rapids, MI 49503
(616) 451-8496

**MILLER SHEA, P.C.**
E. Powell Miller (P39487)
David H. Fink (P28235)
Ann L. Miller (P43578)
Co-Counsel for Plaintiffs
950 W. University Drive, Suite 300
Rochester, MI 48307
(248) 841-2200

Dated: November 29, 2005