UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT CARLSON, et al.,

    Plaintiffs,

v.

LEPRINO FOODS COMPANY,

    Defendant.

_____/

Hon. Richard Alan Enslen

Case No. 1:05-cv-00798

**ORDER**

    This matter is before the Court on Defendant's Motion to Hold Plaintiffs in Contempt of the Court's August 15, 2006 Order and for Sanctions (Dkt. 98). Oral argument was held on October 12, 2006. Defendant objects to correspondence to potential opt-in plaintiffs in this Fair Labor Standards Act case. As noted by defendant, a decision to hold a party in contempt of a court order is within the sound discretion of the district court. *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A finding of contempt is warranted where the movant produces clear and convincing evidence demonstrating that the party against whom a contempt order is sought 1) violated a definite and specific order of the court; and 2) acted with knowledge of the court's order. *Id.* at 379 (citation omitted).

    Initially, the problem with the defendant's position is that the Court's order of August 15, 2006 does not contain any prohibition on Plaintiffs' counsel communicating with putative opt-in class members. Nor did the report and recommendation of July 25, 2006 contain such a prohibition.

Also, it does not appear that any such order would be warranted, because it would constitute a prior restraint in violation of the First Amendment of the United States Constitution.  *See, generally, Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981).

Second, sanctions do not appear to be appropriate in this "tit for tat" situation. Although not disclosed by defense counsel, apparently prior to plaintiffs' counsel sending the offending correspondence, defendant sent a memo to all of its current employees in Allendale on August 21, 2006.  Courts have recognized the district court's authority to exercise control over a collective action and to enter appropriate orders governing the conduct of the counsel and parties. *See, Hoffman-La Roche Inc. v Sperling*, 493 U.S. 165, 171 (1989); *see also Belt v. EmCare Inc.*, 299 F.Supp. 2d 664 (E.D. Texas 2003). Although defendant's correspondence certainly seem to be an attempt to ingratiate itself to its employees, the Court does not find that it rises to a level of coercion. Plaintiffs' correspondence sent after defendant's, is close to the line of communicating inaccurate information, as it suggests that the Court has already decided the issues raised by this litigation as to each particular plaintiff.  It also suggests that the employees have no other avenue of redress but to opt into the class, which is not true.  However, the Court is not persuaded that the inaccurate suggestions rise to a level where a corrective notice would be anything other than confusing to potential opt-in plaintiffs.

Both parties are admonished to ensure that their communications with opt-in plaintiffs and/or putative opt-in plaintiffs do not contain inaccurate or coercive statements.  For the reasons stated herein:

**IT IS HEREBY ORDERED** that <u>Defendant's Motion to Hold Plaintiffs in Contempt of the Court's August 15, 2006 Order and for Sanctions</u> (Dkt. 98) is **denied**.


Date:  November 7, 2006     /s/ Ellen S. Carmody
                            ELLEN S. CARMODY
                            United States Magistrate Judge