UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

V<small>INCENT</small> C<small>ARLSON</small>, et al.,

    Plaintiffs,                                      Hon. Robert J. Jonker

v.                                                    Case No. 1:05-cv-00798

L<small>EPRINO</small> F<small>OODS</small> C<small>OMPANY</small>,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") opt-in collective action of approximately 75 to 80 opt-in Plaintiffs. It involves a claim by Plaintiffs that they were required to don and doff protective clothing without being paid for the time it took, which Plaintiffs allege is in violation of the FLSA. The matter is currently before the Court on Defendant's Renewed Motion to Dismiss Plaintiffs Nicholas Humphreys and Shannon Impens for Failure to Appear at Depositions and for Fees and Costs (Dkt. No. 152) and Defendant's Motion to Dismiss Certain Plaintiffs for Failure to Comply with March 10 Order and/or Their Discovery Obligations (Dkt. No. 156), as well as earlier similar motions (Dkt. Nos. 131 and 140) which were taken under advisement. The motions were referred for Report and Recommendation by the Honorable Richard Alan Enslen prior to the transfer of this matter to the Honorable Robert J. Jonker.

For the following reasons, the undersigned recommends that these motions be granted except for the imposition of fees and costs. Regarding the status as Plaintiffs of Nicholas Humphreys and

Shannon Impens, they previously failed to appear for a noticed deposition. After hearing on March 10, 2008, they were specifically ordered by the Court to appear for deposition (Dkt. No. 146) and put on notice that failure to appear could result in dismissal of their claims. The remaining Plaintiffs have also failed to cooperate in having their depositions taken, despite both Plaintiffs' and Defendant's counsel's attempts to schedule and conduct them. Plaintiffs were put on notice of their respective obligations to cooperate in discovery in the notice of right to opt into this lawsuit (Dkt. No. 164-3). Further, Fed. R. Civ. P. 41(b) provides for dismissal in a Plaintiff fails to prosecute or to comply with the rules or orders of the Court.

In addition to Plaintiffs Nicholas Humphreys and Shannon Impens, Defendant seeks to dismiss the following three groups of Plaintiffs:

Group 1: Plaintiffs Who Failed to Serve Discovery Responses and Failed to Appear for Deposition (15 Plaintiffs). Defendant seeks dismissal of 15 Plaintiffs who failed to respond to Defendant's August 28, 2007 written discovery requests, despite the Court's March 10, 2008 Order directing them to do so. (Dkt. No. 146 at ¶¶ 2-3.) These 15 Plaintiffs also failed to appear for a properly-noticed deposition. These Plaintiffs are: Joey Baker, Therin Burden, Carmela Edwards-Cain, Rhiannona Eyer, Drew Hookway, Semir Maric, Rosa Neal, Khiem Nguyen, Juan Pena, Kawanda Robinson, Mark Ryder, Michelle Shackleford-Martin, Tara Shepard, Kelli VanderWall, and Angel Vargas.

Group 2: Plaintiffs Who Failed to Appear for Deposition on Two Separate Occasions (6 Plaintiffs). Defendant seeks to dismiss six Plaintiffs who responded to Defendant's written discovery requests, but who have failed to appear for two properly noticed depositions, and have failed to offer any

dates when they would be willing to appear for depositions. These Plaintiffs are: Alberto Almendarez-Zavala, Felipe Estrada, Raymond Hofsess, Jovonda Holliday, Merle Vice, and Adrena White.

Group 3: Plaintiffs Who Did Not Serve Discovery Responses Until After March 10, 2008, and Then Failed to Appear for Deposition (3 Plaintiffs). Defendant moves to dismiss three Plaintiffs who failed to serve discovery responses until after March 10, and then also failed to appear for a deposition. These Plaintiffs have not offered any alternative dates when they are available for deposition. These Plaintiffs are: Dennis Bourdon, Shan Mitchell, and Harvey Stark.

The undersigned suspects that these non-cooperating Plaintiffs have simply found the burden of properly complying with discovery not worth the amount at stake for each in this FLSA case. However, the Court has already limited the scope of permissible discovery to a reasonable degree. Defendant was limited to 100 hours total of deposition time although there are 75 or so Plaintiffs. The Court also indicated its willingness to permit out-of-town Plaintiffs to be deposed by telephone. (See Dkt. No. 146). Plaintiffs must be held to comply with the court rules and the orders of the Court.

In sum, the undersigned recommends that the motions to dismiss with prejudice (Dkt. Nos. 131, 140, 152, and 156) be **granted.** The undersigned does not, however, recommend sanctions given the relatively small amount of money believed to have been involved for each Plaintiff and the fact that there is no evidence that Plaintiffs' counsel did not properly cooperate in Defendant's discovery attempts.

Respectfully submitted,

Date: June 9, 2008

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).