UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

V̲I̲N̲C̲E̲N̲T̲ C̲A̲R̲L̲S̲O̲N̲, et al.,

    Plaintiffs,                                       Hon. Robert J. Jonker

v.                                                      Case No. 1:05-cv-00798

L̲E̲P̲R̲I̲N̲O̲ F̲O̲O̲D̲S̲ C̲O̲M̲P̲A̲N̲Y̲,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs (Dkt. 195) in this Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 collective action case and pursuant to the Parties' Confidential Settlement, Release, and Waiver Agreements. The issue of attorney fees was reserved as part of the parties' settlement of this case. The motion for attorneys' fees and costs was referred to the undersigned by the Honorable Robert J. Jonker for report and recommendation.

    Plaintiffs originally sought $921,560.25 in attorneys' fees and $29,225.23 in costs. In a subsequent pleading Plaintiffs reduced their request to $869,528.73 (Dkt. 212). The settlement agreement clearly contemplates an award of attorneys' fees as provided in the FLSA, 29 U.S.C. § 216(b). Defendant objects to both the award of a fee based on defendant's contention that the motion was not timely filed and the amount of the fees and costs requested. A hearing was held on April 22, 2009.

Factual Background

The undersigned was involved in managing this very contentious case from its inception. The parties were warned early and often that the attorneys' fees could easily exceed any recovery by the plaintiffs. This case involved a "donning and doffing" issue under the FLSA. Plaintiffs claimed that they were not, but should have been, paid for time putting on and taking off protective clothing and walking from their locker areas to their work stations. If plaintiffs prevailed, each individual plaintiff would receive a relatively small amount of money as there was not a tremendous amount of time involved in the disputed behavior.

Plaintiffs moved for a nationwide collective action on January 24, 2006, which motion was denied on June 30, 2006 (Dkt. 59, 60). The court did approve a collective action but only for defendant's Allendale plant. From this point of view plaintiffs were not entirely successful. Plaintiffs had sought collective action status for nine of defendant's plants at which over 1,400 workers were employed, and received it for only one. As of June 29, 2006, plaintiffs claim they had incurred $228,000 in fees. As noted, a collective action was allowed for the Allendale plant only.

On August 18, 2006, notice was sent to the employees at the Allendale plant and 84 plaintiffs opted in to the collective action. Ultimately, only 48 plaintiffs remained when the case settled at a second mediation occurring May 22, 2008. Various plaintiffs were dismissed for lack of cooperation in discovery or because factually it appeared they simply did not have a cause of action. Defendants elected to take relatively extensive discovery from the individual plaintiffs, which it was of course entitled to do. However, it was warned by the court that doing so would surely increase fees. At the start of what could be considered merits discovery, plaintiffs had accumulated approximately $500,000 in attorneys' fees. One of plaintiffs' attorneys, Katherine Smith Kennedy, is seeking $350.00 per hour in fees. The

Miller Law Firm is seeking fees ranging from from $110.00 per hour for legal assistants to $495.00 per hour for senior partners.

From the point of view of those plaintiffs who ultimately received a settlement, plaintiffs' attorneys were very successful. For those 48 plaintiffs, that settlement included compensation for additional time each day for donning and doffing required clothing, double damages resulting from alleged lack of good faith by defendant, and damages going back three years as a result of defendant's alleged willfulness in violating the FLSA.

Discussion

Initially, the court notes that defendant has objected to any award of attorneys' fees under the theory that the motion was not timely under Fed.R.Civ.P. 54(d)(2). Fed.R.Civ.P. 54(d)(2) requires that a motion for fees must be filed no later than 14 days after entry of judgment. Plaintiffs argue that Rule 54 is not controlling because the settlement expressly contemplated an award of attorneys' fees and the purpose of the relatively short timeline contained in Rule 54 relates to appeals from final judgments. The court issued its order approving the parties' settlement agreement and dismissing the case on Monday, November 24, 2008 (Dkt. 194). Defendant's position is that plaintiffs' fee petition was thus due on or before Monday, December 8, 2008, and plaintiffs did not file it until December 16, 2008. The undersigned categorically rejects defendant's position in this regard for the following reasons. First, it is doubtful that Rule 54 is even applicable, as there was no judgment from which an appeal would have been triggered because the case was terminated pursuant to a settlement agreement. Second, defendant was in no way prejudiced by the rather short delay in plaintiffs' filing of the motion for fees and costs eight calendar days later than defendant claims it should have been filed. Third, Fed.R.Civ.P. 1 provides that the federal rules of civil procedure should be "construed and administered to secure the just, speedy,

and inexpensive determination of every action and proceeding." Given the fact that the settlement expressly reserved the plaintiffs' right to seek attorneys' fees, candidly the undersigned finds defendant's position in this regard disingenuous. It is also reflective of defendant's "scorched earth" litigation strategy in this matter, a strategy it was certainly entitled to undertake but the consequences of which it now seeks to avoid entirely.

The primary concern in evaluating a request for attorneys' fees "is that the fee awarded be reasonable." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). "A reasonable fee is one that is adequate to attract competent counsel, but. . . [does] not produce windfalls to attorneys." *Id.* (internal quotation marks omitted) (alteration in original). In determining a reasonable attorney fee award, the district court must calculate "the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate." *Id.* The Sixth Circuit has adopted the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), superseded by statute in bankruptcy context as recognized in *In re Meronk*, 249 B.R. 208 (9th Cir. 2000), that trial courts may consider in calculating reasonable attorney fee awards. *Paschal v. Flagstar Bank*, 297 F.3d 431 (6th Cir. 2002). These factors have been endorsed by the United States Supreme Court. *See Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989). The factors are:

1. The time and labor required;

2. The novelty and difficulty of the question;

3. The skill requisite to perform the legal service properly;

4. The preclusion of other employment by the attorney due to acceptance of the case;

5. The customary fee;

6. Whether the fee is fixed or contingent;

7. Time limitations imposed by the client or the circumstances;

8. The amount involved and the results obtained;

9. The experience, reputation, and ability of the attorneys;

10. The "undesirability" of the case;

11. The nature and length of the professional relationship with the client; and

12. Awards in similar cases.

The court need not individually consider all of these factors, and not all of these factors are relevant to each case. *Hensley v. Eckerhart*, 461 U.S. 424, 434 n. 9 (1983) ("many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.")

Analysis of the Factors

Initially, the court determines that factors 5, 6, 10, 11 and 12 are inapplicable, unhelpful, or neutral. Regarding the remaining factors:

1. The undersigned does find that plaintiffs' counsel expended excessive amounts of time; however, given the vigorous defenses presented, the myriad of issues presented, and the number of clients, this is more understandable. The court fails to understand, however, why no less than thirteen individuals from the Miller Firm worked on this file. This surely necessitated duplication in effort.

2. The court does not find that the questions presented were particularly novel or difficult. This appears to have been a fairly straightforward FLSA/collective action.

3. The court finds that the combined skills of the Miller Law Firm in class action litigation and the FLSA expertise possessed by Katherine Smith Kennedy were appropriate to the tasks at hand, although some of the work may have been duplicative. For example, as noted, at least thirteen people from the Miller Firm charged time to the file.

4. The court has no way of knowing whether other employment was precluded for the various attorneys involved due to the acceptance and prosecution of this case.

7. It is logical to the undersigned that, given the number of clients involved both initially and ultimately, much more time was required to perform myriad tasks than with a single or small number of clients.

8. Regarding the amount involved and the results obtained, arguments can be made both ways depending on the perspective taken. The fact that plaintiffs initially sought to certify a national class of over 1,400 plaintiffs, achieving success for only 48, could be considered not a great success. However, for those 48 plaintiffs maximum success was achieved. In other words, each plaintiff received double damages and damages going back three years.

9. As to the experience, reputation, and ability of the attorneys, the court notes that plaintiffs' attorneys achieved great success, albeit on behalf of many fewer plaintiffs than they had sought, against very capable and experienced defense attorneys from one of the largest law firms in the city. Further, from personal experience with Katherine Smith Kennedy, the court notes that she has a lot of experience in FLSA cases. From an attachment to David Fink's affidavit it appears that the Miller Law Firm has extensive and successful experience in class action litigation.

In the opinion of the court however, the $869,528.73 still sought by plaintiffs' counsel in its reply brief in support of its motion for attorneys fees and costs (Dkt. 212) remains excessive and would constitute a windfall to the plaintiffs. There are two ways, in the court's opinion, to reduce the fees in an attempt to award a reasonable fee. First, some courts have reduced the number of hours to attempt to account for successful versus unsuccessful claims. *See, e.g., Renfro v. Indiana Michigan Power Co.*, 2007 WL 541961 (W.D.Mich. 2007). Other courts have reduced the amount per hour from that

requested to what the court finds to be a more reasonable rate. *See, e.g., Falcon Waterfree Technologies, LLC v. Janssen*, 2008 WL 4534119 (W.D.Mich. 2008). In *Falcon*, the court reduced the requested hourly rate, relying on the State Bar of Michigan Economics of Law Practice Survey. *Id.* The Sixth Circuit has stated that reliance on such surveys is appropriate, even though the survey is not dispositive in establishing the market rate. *See, B & G Min., Inc. v. Director, Office of Workers' Compensation Programs*, 522 F.3d 657, 664 (6th Cir. 2008). The Court finds that in the present circumstances, the attorney fee request should be reduced by a reduction in the hourly rates.

<u>Reduction for Lack of Success</u>

The court declines to attempt to reduce the attorneys' fees by attempting to track time entries regarding successful versus unsuccessful claims. The ultimate point of the court's review of a motion for attorneys' fees is to get to a reasonable fee. The Supreme Court has noted that an award based on the total number of hours expended on the entire matter might result in an excessive amount if the claimant has achieved only partial success. *Hensley*, 461 U.S. at 435. The Sixth Circuit has held that the court must address two issues to apply this methodology: First, whether the claims on which the plaintiff failed to prevail were or were not related to the claims on which plaintiff succeeded; and two, whether the plaintiff achieved a sufficient degree of success to render the hours reasonable expended as satisfactory basis for awarding fees. *See, Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 552 (6th Cir. 2008). The court finds that the claims in which plaintiffs' counsel were unsuccessful were related to those in which they succeed. To attempt to analyze those claims on which plaintiffs were successful versus those on which they were unsuccessful for this entire matter would be akin to unscrambling dozens of eggs. Thus, the undersigned recommends that a reasonable fee reflecting the relative success plaintiffs achieved be reached by reduction in the claimed hourly rates.

Plaintiffs originally attempted to have the court approve this as a nationwide class/collective action involving nine different plants and over 1,400 employees. Plaintiffs' motion for nationwide collective action was denied on June 30, 2006. Ultimately, 84 employees at the Allendale plant opted into the collective action. Further, the case settled as to only 48 plaintiffs because other plaintiffs were dismissed either for their failure to participate in merits discovery or because discovery demonstrated that they did not have a sustainable cause of action.[1] However, the court finds it is literally impossible to parse out what efforts by plaintiffs' counsel were expended on successful versus unsuccessful plaintiffs.[2] Plaintiffs' proposed allocation for successful versus unsuccessful claims does not go far enough. However, because of the related nature of the claims, it appears impossible to further apportion time spent on each. Thus, the court recommends that reductions in plaintiffs' fee award be made with reference to a reduction in the hourly rate awarded to reach what the court recommends as a reasonable attorney fee.

Reduction in Hourly Rates

Plaintiffs seek fees ranging from $110.00 per hour for legal assistants to $495.00 per hour for senior partners. Katherine Smith Kennedy, a partner at Pinsky, Smith, Fayette & Kennedy, is seeking $350.00 per hour. Lorna Zaagman is a legal assistant at the Pinsky Smith law firm and seeks $110.00 per hour. David Fink and E. Powell Miller of the Miller Law Firm seek $495.00 per hour; partner Ann Miller seeks $400.50 per hour. It appears that Martha J. Olijnyk is an associate in the Miller Firm. In

---

[1] Defendant elected to take discovery of many of the plaintiffs on an individual basis, which it was entitled to do. However, the court also warned defendant that doing so would increase the potential recovery of attorney fees by the plaintiffs. Defense counsel stated that this was a risk defendant was willing to undertake.

[2] The court notes that plaintiffs have made reductions in time expended to attempt to extract time spent on unsuccessful versus successful plaintiff claims. The court finds that the effort would product a fee that it still finds unreasonably high.

any event, she seeks $373.50 per hour. SEH, an unidentified attorney, also seeks $373.50 per hour. Jason E. Blake, a partner at the Miller Law Firm, seeks $418.50 per hour. January A. Dragich is apparently an associate in the firm and seeks $292.50 per hour. Lauren G. Northrop is an associate at the firm and seeks $292.50. Emily E. Hughes is an associate at the firm and also seeks $292.50 per hour. Courtney B. Ciullo is an associate seeking $157 per hour. Marc L. Newman is a partner in the firm and seeks $463.50 per hour. For the work of legal assistants the firm seeks $110.00 per hour. The court finds these amounts excessive when the limited degree of success and duplication of effort are taken into account.

The court is cognizant that the Honorable Robert J. Jonker recently accepted an hourly rate of $400.00 and rejected applying the Michigan State Bar average to reduce an attorney fee. *See, Lewis et al. v. United Joint Venture*, W.D. Mich. Case No. 1:07-cv-00639-RJJ, Dkt. 118. However, the undersigned finds the following factors distinguish this case. Unlike the *Lewis* case, this case involved 84 opt-in plaintiffs but was settled successfully on behalf of only 48 of them. Also, it is not clear why it was necessary for so many attorneys from the Miller Firm to each get themselves up to speed and perform work on the case. Further, a number of the attorneys for the Miller Law Firm are charging a per hour rate of more than the $400 sought by plaintiffs' counsel in the *Lewis* case. As noted, plaintiffs have attempted to reduce their request to account for unsuccessful efforts (Dkt. 212). However, given how intertwined the required tasks were, the court rejects this analysis as still resulting in an excessive fee. Rather than reducing the number of hours claimed, the undersigned recommends that plaintiffs' request for fees be reduced as follows:

| Attorney or Paralegal | Hours | Requested Rate | Subtotal w/ Requested Rate | Reduced Rate | Subtotal w/ Reduced Rate |
|---|---|---|---|---|---|
| KSK | 446.75 | 350.00 | $156,362.50 | 250.00 | $111,687.50 |
| LZ | 136.00 | 110.00 | $14,960.00 | 75.00 | $10,200.00 |
| ALM | 939.25 | 400.50 | $376,169.63 | 250.00 | $234,812.50 |
| DHF | 292.50 | 495.00 | $144,787.50 | 300.00 | $87,750.00 |
| EEH | 12.00 | 265.50 | $3,186.00 | 150.00 | $1,800.00 |
| EPM | 14.25 | 495.00 | $7,053.75 | 300.00 | $4,275.00 |
| JAD | 271.00 | 292.50 | $79,267.50 | 150.00 | $40,650.00 |
| JEB | 74.75 | 418.50 | $31,282.88 | 300.00 | $22,425.00 |
| LGN | 246.00 | 292.50 | $71,955.00 | 150.00 | $36,900.00 |
| MJO | 12.50 | 373.50 | $4,668.75 | 200.00 | $2,500.00 |
| MLN | 43.00 | 463.50 | $19,930.50 | 300.00 | $12,900.00 |
| SEH | 104.25 | 373.50 | $38,937.38 | 200.00 | $20,850.00 |
| Legal Asst. | 202.75 | 110.00 | $22,302.50 | 75.00 | $15,206.25 |
| CBC | 157.50 | 157.50 | $24,806.25 | 100.00 | $15,750.00 |
| NJF | 1.75 | 110.00 | $192.50 | 75.00 | $131.25 |
| TOTAL | 2,954.25 | | $995,862.63 | | $617,837.50 |

The recommended rate reductions are based on the requested rate and what appears to be the relative level of experience of the various attorneys and legal assistants who worked on the file. The recommended rates do not necessarily reflect typical rates for such professionals, as the rates have been reduced by commensurate amounts to reflect a reasonable total fee for the matter given the limited success of the plaintiffs.

Costs

Plaintiffs also seek to recover $29,225.23 in costs, as detailed in their motion and brief. (Dkt. 195, 198, Exhibit 7). Plaintiffs rely on two separate sources in support of their request: Federal Rule of Civil Procedure 54 and 29 U.S.C. § 216(b).

Federal Rule of Civil Procedure 54 indicates that costs "shall be allowed as of course to the prevailing party," thereby creating "a presumption in favor of awarding costs." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). However, under Rule 54, prevailing parties are entitled to recover only those costs expressly articulated in 28 U.S.C. § 1920. *See In re Cardizem CD Antitrust Litigation*, 481 F.3d 355, 358-59 (6th Cir. 2007). Many of the costs requested by Plaintiffs are not included in § 1920 and, therefore, are not recoverable under Rule 54. *See, e.g., King v. Gowdy*, 268 Fed. Appx. 389, 391-92 (6th Cir., Mar. 5, 2008).

Section 216(b) provides that "[t]he court in [an FLSA action] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." As is recognized, "[t]he language of the statute contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring *any* expense for legal fees or costs*." *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir., Jan. 13, 2009) (emphasis added).

Section 216(b) has been interpreted as permitting plaintiffs to recover "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Lopez v. Lawns 'R' Us*, 2008 WL 2227353 at *7 (D. Md., May 23, 2008) (citations omitted); *see also, Renfro v. Indiana Michigan Power Co.*, 2007 WL 710138 at *1 (W.D. Mich., Mar. 6, 2007) (*overruled on other grounds* 497 F.3d 573 (6th Cir. 2007)) (citations omitted).

The Court has reviewed the costs claimed by Plaintiffs and, with one exception, find them to be the sort of costs which are "normally charged to a fee-paying client." *See, e.g., Lopez*, 2008 WL 2227353 at *7; *Communities for Equity v. Michigan High School Athletic Ass'n.*, 2008 WL 906031 at *22-23 (W.D. Mich., Mar. 31, 2008). The one exception is Plaintiffs' request for "miscellaneous expenses." Plaintiffs have failed to describe with any particularity the nature of this particular request. In the absence of any explanation, the Court finds that such is not recoverable. Plaintiffs are hereby entitled to recover $26,881.78 in costs.

Conclusion

As detailed above, the undersigned therefore recommends that counsel for plaintiffs be awarded $617,837.50 as a reasonable attorney fee in light of the work performed and the relative success achieved and $26,881.78 in costs.

Respectfully submitted,

Date: September 2, 2009         /s/ Ellen S. Carmody
                                ELLEN S. CARMODY
                                United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).