UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT CARLSON, et al.,

       Plaintiff,

                                          CASE NO. 1:05-CV-798

v.

                                          HON. ROBERT J. JONKER

LEPRINO FOODS COMPANY,

       Defendant.
_____/

## ORDER

       This matter is before the Court on the parties' objections (docket ## 220, 221) to Magistrate Judge Carmody's Report and Recommendation (docket # 219) concerning Plaintiffs' Motion for Attorneys' Fees and Costs (docket # 195).

       In November 2005, Plaintiffs filed the underlying Fair Labor Standards Act, 29 U.S.C. § 216, collective action case, which concerns compensation for time Plaintiffs spent donning and doffing required clothing while working for Defendant. Plaintiffs initially moved for a nationwide collective action, seeking collective action status for nine of Defendant's plants. (Report and Recommendation, docket # 219, at 2.) The Court approved a collective action only for the Defendant's plant in Allendale, Michigan. (*Id.*) Following notice to the employees at the Allendale plant, eighty-four Plaintiffs opted in. (*Id.*) Almost two more years of litigation ensued. During that time, some of the Plaintiffs were dismissed, for a variety of reasons. (*Id.*) At the time the case settled, forty-eight Plaintiffs remained. (*Id.*) The settlement included compensation to the remaining Plaintiffs for time daily spent donning and doffing required clothing; double damages based on

Defendant's alleged lack of good faith; and damages reaching back three years based on Defendant's alleged willfulness in FLSA violations. (*Id.* at 2-3.)

The parties' settlement contemplated an award of attorneys' fees to Plaintiffs as prevailing parties under the FLSA. The parties were unable to agree upon a fee award, and Plaintiffs moved for attorneys' fees and costs (docket # 195). After extensive briefing and oral argument, Magistrate Judge Carmody's Report and Recommendation issued (docket # 219). The Magistrate Judge recommended a fee award of $617,837.50, and a cost award of $26,881.78. Each party has raised objections to the Report and Recommendation (docket ## 220, 221). Both Plaintiffs and Defendant object, on different grounds, to the number of hours the Magistrate Judge used to calculate the attorney fee award. (Def.'s Obj. to the Magistrate Judge's Report and Recommendation, docket # 220, 2-4; Pls.' Obj. to the Magistrate Judge's Report and Recommendation, docket # 221, at 5.) Plaintiffs also object to the percentage reduction applied; the billing rates attributed to MJO and SEH; and the exclusion of $2,343.45 in miscellaneous costs from the costs awarded. (Pls.' Obj. to the Magistrate Judge's Report and Recommendation, docket # 221, 4-8.)

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision,

>receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After its review, the Court finds that Magistrate Judge Carmody's Report and Recommendation is factually sound and legally correct in all respects except her reduction of $2,343.45 in miscellaneous costs. Accordingly, the Court overrules the parties' objections and adopts the Report and Recommendation on all points except the miscellaneous cost issue.

The primary objective in reviewing a motion for attorneys fees is to make sure the fee awarded is reasonable. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). In their original motion for fees and costs, Plaintiffs sought fees for a total of 2,954.25 hours devoted to the case (docket # 196, Exs. 2, 3, as supplemented by docket # 212, Ex. 8 (noting that 43 hours for attorney MLN had been omitted from the total in docket # 196, Ex. 2.)) In their reply brief (docket # 212), Plaintiffs reduced the number of hours for which they sought fees, in an attempt to exclude time spent on work related exclusively to unsuccessful Plaintiffs or arguments that did not succeed. (Pls.' Obj. to Magistrate Judge's Report and Recommendation, docket # 221, at 5.) The Magistrate Judge noted that some courts have attempted to reach a reasonable fee by reducing the number of hours to exclude unsuccessful claims, while others have used all billed hours but reduced the amount per hour requested. (*Id.* at 6-7, citing *Renfro v. Indiana Michigan Power Co.*, 2007 WL 541961 (W.D. Mich. 2008) (reversed on other grounds), and *Falcon Waterfree Technologies, LLC v. Janssen*, 2008 WL 4534119 (W.D. Mich. 2008)). In either case, the ultimate goal is to come up with a total fee that is reasonable. The Magistrate Judge applied the rate reduction approach

because she found the successful and unsuccessful claims so interrelated as to defy hour-by-hour parsing. (*Id.* at 7.) In calculating a reasonable award, therefore, she relied upon the total hours Plaintiffs' counsel identified in their motion for fees, not the reduced number identified in their reply. The Report and Recommendation specifies a total of 2,954.25 hours used in the calculation. (*Id.* at 10.)

Defendant asserts that the Magistrate Judge should have relied upon the lower total number of hours Plaintiffs claimed in their reply (docket # 212), not the total number of hours Plaintiffs claimed in their original fee petition (docket ## 195, 196). (Defendant's Obj. to the Magistrate Judge's Report and Recommendation, docket # 220, at 2.) The Court disagrees. The Magistrate Judge explicitly found that Plaintiffs' successful and unsuccessful claims were so closely related that it was not feasible to apportion the time spent on each. (Report and Recommendation, docket # 219, at 8.) The Magistrate Judge therefore calculated a reasonable fee by reducing the billing rates applicable to the total number of hours billed. (*Id.* at 7.) It was appropriate for her to look to the total number of hours in applying the reduced rate. The Court agrees that this method resulted in a reasonable fee in this case.

Defendant also objects that the chart in the Report and Recommendation reflecting the award calculation includes approximately 153 more hours than Plaintiffs originally sought. (Def.'s Obj. to Report and Recommendation, docket # 220, 3-4.) In support of this objection, Defendant cites an exhibit Plaintiffs attached to their reply (docket # 212). (*Id.*, Ex. A.) The exhibit Defendant cites is inconsistent with Exhibits 2 and 3 of Plaintiffs' original fee request. (*See* Mot. for Attorneys' Fees and Costs, docket # 195, Exs. 2 and 3.) Plaintiff appears to have filed the inconsistent exhibit in error. In any event, Exhibits 2 and 3 of the original fee request, corrected

to add the hours for MLN documented but missing from the total, fully support the number of hours, 2,954.25, on which the Magistrate Judge relied in her calculations. It was appropriate for the Magistrate Judge to rely upon that number.

Plaintiffs claim that the 2,954.25 figure omits 7.5 hours of work by the Pinsky Smith law firm. (Pls.' Resp. to Def.'s Obj. to Magistrate Judge's Report and Recommendation, docket # 223, at 4.) Plaintiffs suggest that 7.5 hours of work were subtracted from the original fee petition to reach the reduced number proposed in Plaintiff's reply, and that the 7.5 were then omitted from the total hours on which the Magistrate Judge ultimately based her cacluation. The record does not support Plaintiffs' claim. Exhibit 3 of the original fee petition attributes a total of 582.75 hours to the Pinsky Smith law firm, reflecting 446.75 hours for Ms. Kennedy and 136 hours for Ms. Zaagman. (Br. in Support of Pls.' Mot. for Attys' Fees and Costs, docket # 195, Ex. 3, at 24.) The Report and Recommendation also attributes a total of 582.75 hours to the Pinsky Smith law firm, reflecting 446.75 hours for Ms. Kennedy and 136 hours for Ms. Zaagman. (Report and Recommendation, docket # 219, at 10). There is no basis for Plaintiffs' claim that 7.5 hours were excluded from the total the Magistrate Judge considered.

Plaintiffs also object that the percentage reduction applied to the total number of hours is excessive. (Pls.' Obj. to the Magistrate Judge's Report and Recommendation, docket # 221, 4-7.) According to Plaintiffs, the Magistrate Judge should not have reduced the fee request for a lack of success, because the successful and unsuccessful claims were closely related. The Court disagrees. Regardless of whether the successful and unsuccessful claims were related, it was appropriate to consider the overall degree of success in determining a reasonable fee. *Hensley v. Eckerhart*, 461 U.S. 424, 434-37 (1983). Plaintiffs also reiterate their argument that Defendant's litigation tactics

5

resulted in extraordinary fees, suggesting that a lower percentage reduction would have been appropriate. (Pls.' Obj. to the Magistrate Judge's Report and Recommendation, docket # 221, at 5.) The Report and Recommendation has already considered Defendant's litigation tactics and properly factored them into the fee award. (Report and Recommendation, docket # 219, at 5-6.)

Plaintiffs go on to assert that the Magistrate Judge should have somehow specifically credited Plaintiffs for deciding not to seek compensation for time spent pursuing attorneys' fees and costs. (Pls.' Obj. to the Magistrate Judge's Report and Recommendation, docket # 221, 6-7.) Plaintiffs now claim that they are entitled to an additional 3% of the total fee award to account for this. (*Id.* at 6 and Ex. A.) Yet Plaintiffs have at no point submitted documentation of the time they spent seeking attorneys' fees and costs. Indeed, Plaintiffs concede that they had earlier stated explicitly that they were not seeking to recover for time spent pursuing attorneys fees and costs. (*Id.* at 7; Br. in Support of Pl.'s Mot. for Attorneys' Fees and Costs, docket # 198, at 2, n.1.) Plaintiff waived the issue. (*Id.*) It is too late to raise it now. *Murr v. United States*, 200 F.3d 895, 902, n.1 (6th Cir. 2000). Even if Plaintiffs had not waived the opportunity to pursue compensation for time spent seeking attorney fees and costs, the record lacks sufficient documentation for the Court to determine how much time Plaintiffs have devoted to seeking attorneys' fees and costs. Plaintiffs are not automatically entitled to an additional 3% of the total fee award for work spent pursuing fees. Rather, they would be entitled to an opportunity to seek an award based on the number of hours actually spent pursuing attorneys fees and costs, up to a presumptive maximum of 3% of the total fee award. *See Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) ("In the absence of unusual circumstances, the hours allowed for preparing and litigating the

attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial.").

Plaintiffs also object that higher billing rates should have been attributed to MJO and SEH given their years of experience and positions within the firm during the time of the litigation. However, Plaintiffs have provided no evidence to supplement the record to support this objection. Moreover, the Magistrate Judge used rates of $200 per hour for each of MJO and SEH, higher than the rates assigned to any other attorneys presumed to be law firm associates in this case. The Court sees no reason to alter the billing rates attributed to MJO and SEH.

Finally, Plaintiffs object that the Magistrate Judge should not have deducted $2,343.45 in miscellaneous expenses from the total award of costs. (Pls.' Objections to Report and Recommendation of Magistrate Judge, docket # 221, at 8.) The Court agrees. The Report and Recommendation states that Plaintiffs failed to describe these miscellaneous expenses with particularity and that the expenses therefore are not recoverable. (Report and Recommendation, docket # 219, at 12.) However, Plaintiffs described the expenses with particularity in Exhibit 2 of their original fee petition. (Br. in Support of Mot. for Attorneys' Fees and Costs, docket # 196, Ex. 2.) The miscellaneous expenses identified include, without limitation, costs for travel, supplies, web maintenance, translations, and telephone service. (*Id.*) These are the sort of costs which are "normally charged to a fee-paying client." *See, e.g.*, *Renfro v. Indiana Mich. Power Co.*, 2007 WL 710138 at * 1 (W.D. Mich., Mar. 6, 2007) (overruled on other grounds, 497 F.3d 573 (6th Cir. 2007) (citations omitted)); *Communities for Equity v. Mich. High School Athletic Ass'n*, 2008 WL 906031 at *22-23 (W.D. Mich., Mar. 31, 2008). The total award for costs to Plaintiffs should include the $2,343.45 for miscellaneous expenses.

Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 219) is approved and adopted as the opinion of the Court, except with respect to the miscellaneous cost reduction of $2,343.45.

**IT IS FURTHER ORDERED** that counsel for Plaintiffs be awarded $617,837.50 as a reasonable attorney fee in light of all relevant factors, and $29,225.23 in costs.


Dated:   January 20, 2010              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE